**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES R. RODGERS** ) | Civil Action No. |
| 2120 Virginia Ridge Rd. ) | |
| Philo, OH  43771 ) | Judge |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **MATTINGLY FOODS, INC.** ) | **NOTICE OF REMOVAL** |
| c/o Andrew Hess, Agent ) | |
| 302 State St. ) | |
| Zanesville, OH  43701 ) | |
| ) | |
| and ) | |
| ) | |
| **ANDREW HESS** ) | |
| 302 State St. ) | |
| Zanesville, OH  43701 ) | |
| ) | |
| and ) | |
| ) | |
| **BENJAMIN HESS** ) | |
| 302 State St. ) | |
| Zanesville, OH  43701 ) | |
| ) | |
| and ) | |
| ) | |
| **BRANDON HESS** ) | |
| 302 State St. ) | |
| Zanesville, OH  43701 ) | |
| ) | |
| and ) | |
| ) | |
| **CONSOLIDATED STORAGE SOLUTIONS, INC.** ) | |
| 302 State St. ) | |
| Zanesville, OH  43701 ) | |
| ) | |
| and ) | |

|  |  |
|---|---|
| **MATTINGLY FOODS OF LOUISVILLE, LLC** <br> c/o Mattingly Foods, Statutory Agent <br> 302 State St. <br> Zanesville, OH  43701 <br><br> and <br><br> **ABB LEASING CO.** <br> c/o Andrew Hess, Statutory Agent <br> 3720 Greenbriar Dr. <br> Zanesville, OH  43701 <br><br> and <br><br> **45 DEGREE LOGISTICS, INC.** <br> 302 State St. <br> Zanesville, OH  43701 <br><br> and <br><br> **JOHN DOE NOs. 1-25** <br> 302 State St. <br> Zanesville, OH  43701 <br><br> and <br><br> **JOHN DOE CORPORATION NOs. 1-25** <br> 302 State St. <br> Zanesville, OH  43701 <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

_____

PLEASE TAKE NOTICE: Defendants Mattingly Foods, Inc., Andrew Hess, Benjamin Hess, Brandon Hess, Consolidated Storage Solutions, Inc., Mattingly Foods of Louisville, LLC, ABB Leasing Co., and 45 Degree Logistics, Inc. (collectively, "Defendants"), by and through counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby remove the above-captioned action to the United States District Court for the Southern District of Ohio, Eastern Division.

Defendants further state the following grounds in support of removal of this action to the United States District Court:

1. Plaintiff James R. Rodgers ("Plaintiff"), a former employee of Defendant Mattingly Foods, Inc. ("Mattingly" or the "Company"), commenced a civil action against Defendants in the Court of Common Pleas, Muskingum County, Ohio, Case No. CH2012-0358, before the Honorable Judge Mark Fleegle on July 9, 2012.

2. All named Defendants received service of process of a Summons and Complaint via certified mail on July 10, 2012. A true and correct copy of the Complaint and each Summons is attached hereto as Exhibit 1, as required under 28 U.S.C. § 1446(a).

3. Plaintiff purports to bring a shareholder derivative action under Ohio law by virtue of his past participation in Mattingly's now-terminated Employee Stock Ownership Plan ("Mattingly ESOP"). The Mattingly ESOP is a "defined contribution plan" governed by the Employee Retirement Income Security Act of 1974 ("ERISA," 29 U.S.C. § 1001 *et seq.*).[1] 29 U.S.C. § 1002(34). Plaintiff purports to bring the action on behalf of the ESOP itself, and all former ESOP participants. Plaintiff claims that the Defendants failed to fulfill fiduciary duties that they owed to the "minority shareholders," *i.e.* the former ESOP participants, thereby resulting in diminished benefit distributions from the Mattingly ESOP to the ESOP participants. (*See* Complaint at ¶¶4-5, 58, 61). Plaintiff's Complaint seeks "damages," the implementation of a constructive trust, and increased benefit distributions to the Mattingly ESOP for the benefit of its former participants, as a result of Defendants' alleged (a) Breach of Fiduciary Duty (Self-

---

[1] An ESOP is an ERISA plan that is designed to invest primarily in "qualifying employer securities." *In re Huntington Bancshares Inc. ERISA Litig.*, 620 F.Supp.2d 842, 847 (S.D. Ohio 2009).

3

Dealing); (b) Breach of Fiduciary Duty (Misappropriation of Corporate Opportunities); and (c) Malice.  (Complaint at ¶¶62-78).

4. Plaintiff seeks to enforce fiduciary duties allegedly owed to the Mattingly ESOP and its former participants, and seek benefits allegedly due under the plan terms of the Mattingly ESOP. (*See* Mattingly ESOP Plan Document, attached as Exhibit 2).  Although Plaintiff's Complaint is couched in terms of state law, it actually seeks to enforce rights and recover benefits purportedly owed under ERISA with respect to an ERISA-governed plan.  As such, Plaintiff's claims are completely pre-empted by ERISA and properly removable to this Court under 28 U.S.C. § 1441.

5. Removal to federal court from state court is proper when the federal district court has "original jurisdiction founded on a claim or right arising under the Constitution, treatises or laws of the United States."  28 U.S.C. § 1441(b).  When determining whether an action arises under federal law, and is therefore is removable, courts examine whether issues of federal law are raised on the face of the plaintiff's "well-pleaded Complaint."  *Lockett v. Marsh USA, Inc.*, 354 Fed. Appx. 984, 987 (6th Cir. 2009).  The "complete preemption" doctrine is an exception to, or corollary of, this rule.  *Id.*  "Complete preemption applies in situations where 'Congress has indicated an intent to occupy the field so completely that any ostensibly state law claim is in fact a federal claim for purposes of arising-under jurisdiction.'"  *Id.*

6. Congress has indicated such intent with ERISA.  The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans.  *Aetna Health Inc. v. Davila,* 542 U.S. 200, 208 (2004).  ERISA contains an integrated enforcement mechanism (section

4

502(a), 29 U.S.C. § 1132(a))[2] that is "essential to accomplish Congress' purpose of creating a comprehensive statute for the regulation of employee benefit plans." *Aetna Health Inc.*, 542 U.S. at 208.  Accordingly, under ERISA, a claim is completely preempted, and properly removable, if the state law claim could be brought pursuant to ERISA's enforcement provisions to recover benefits under the terms of the plan, to enforce rights under the terms of the plan, or to clarify rights to future benefits under the terms of the plan.  *See id.*

7.  Causes of action within the scope of the civil enforcement provisions of ERISA are removable to federal court even when the claims are presented as state-law causes of action. *Hull v. Fallon,* 188 F.3d 939, 942 (8th Cir. 1999).  It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit.  *Lockett,* 354 Fed. Appx. at 988.

8.  The essence of Plaintiff's claims is that the Defendants failed to fulfill fiduciary duties that they owed to the Mattingly ESOP and its former participants.  (Complaint at ¶5). To the extent Plaintiff and the individuals whose interests he purports to represent can claim a past "equitable" or beneficial interest in shares of Mattingly stock, it is only by virtue of their status as former participants in the Mattingly ESOP.  To the extent any "fiduciary" duty was owed to Plaintiff or other ESOP participants, it only was by virtue of their status as participants in the Mattingly ESOP.  Consequently, the nature and scope of that fiduciary duty is governed exclusively by ERISA.  *See* 29 U.S.C. § 1104.  Thus, in reality, Plaintiff's causes of action seek to enforce fiduciary duties allegedly owed under ERISA to the former ESOP participants.

---

[2] ERISA Section 502(a) provides, in part, that a civil action may be brought by a participant or beneficiary to recover benefits due under the terms of the plan, to enforce rights under the terms of the plan, or to clarify rights to future benefits under the terms of the plan.  29 U.S.C. § 1132(a).

9. Furthermore, the nature of the remedy sought—increased benefit distributions to the former Mattingly ESOP participants—is one available only under ERISA. ERISA provides a specific and exclusive remedial mechanism to recover benefits due under an ERISA-governed plan. *See* 29 U.S.C. § 1132(a)(1)(B). State-law claims that merely "provide alternative enforcement mechanisms" to those provided by ERISA, such as those that Plaintiff purports to bring, are preempted. *Briscoe v. Fine,* 444 F.3d 478, 497 (6th Cir. 2006) (applying *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.,* 399 F.3d 692 (6th Cir. 2005)). The Sixth Circuit has applied these standards to preempt state-law claims that are based on the same conduct alleged to violate ERISA, or that are directly tied to the nature and existence of the ERISA plan. *Id.* at 498-501. Notwithstanding the absence of any reference to ERISA or federal law on the face of Plaintiff's Complaint, or Plaintiff's attempt to characterize his claims as a shareholder derivative action under state law, Plaintiff's claims are for the recovery of plan benefits and the enforcement of rights under an ERISA-governed plan, claims which are completely preempted by ERISA and properly removable to federal court.

10. Plaintiff's claims and requested remedies are directly tied to the nature and existence of an ERISA plan. If the existence of a benefit plan is a "critical factor" in establishing a state law claim, then that state law claim is preempted. *See Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133 (1990). Plaintiff asserts claims that arise from and depend on the nature and existence of an ERISA-governed plan: the Mattingly ESOP. Plaintiff claims that the Defendants failed to fulfill their fiduciary duties to the ESOP participants, resulting in diminished benefit distributions to the ESOP participants; and Plaintiff seeks, among other "damages," additional distributions to the Mattingly ESOP for the benefit of its former participants. The Mattingly

6

ESOP Plan Document describes every critical aspect of the Plan, including terms for plan distributions, administration, and management. (*See* Exhibit 2). The claims Plaintiff asserts and remedies he seeks, on behalf of the Mattingly ESOP and all former ESOP participants, will require interpretation and application of the plan documents with respect to distributions, administration, and management of the former Mattingly ESOP. As the very existence of the Mattingly ESOP is a "critical factor" in establishing Plaintiff's claims, those claims are preempted by ERISA. *See Ingersoll-Rand Co.*, 498 U.S. 133 (1990).

11.  This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days of each Defendant's receipt of a Summons and the Complaint.

12.  Promptly after filing this Notice of Removal, Defendant will give written notice of the removal of this action to all parties and will file such notice with the Clerk of the Muskingum County Court of Common Pleas, as required by 28 U.S.C. § 1446(d).

13.  As of the date of removal, Defendants have not filed a responsive pleading to the Complaint. Defendants hereby reserve the right to assert any and all defenses to the Complaint, and the filing of this Notice of Removal is subject to, and without a waiver of, all such defenses and objections. Defendants further reserve the right to amend or supplement this Notice of Removal as additional discovery is conducted or additional facts become available.

Respectfully submitted,

*/s/ Ryan A. Sobel*
Jeffrey J. Wedel (0041778)
jeffrey.wedel@squiresanders.com
Ryan A. Sobel (0078507)
ryan.sobel@squiresanders.com

SQUIRE SANDERS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, OH  44114-1304
T: +1.216.479.8500
F: +1.216.479.8780

*Attorneys for Defendants*
**Mattingly Foods, Inc., Andrew Hess, Benjamin Hess, Brandon Hess, Consolidated Storage Solutions, Inc., Mattingly Foods of Louisville, LLC, ABB Leasing Co., and 45 Degree Logistics, Inc.**

**CERTIFICATE OF SERVICE**

       I hereby certify that on August 7, 2012, a copy of foregoing *Notice of Removal* was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Counsel for Plaintiff will be served by regular U.S. mail at the addresses below.  Parties may access this filing through the Court's system.

Ethan Vessels
Flite Freimann
FIELDS, DEHMLOW & VESSELS
309 Second St.
Marietta, OH  45750

    and

Scott J. Stitt
JAMES E. ARNOLD & ASSOCIATES, LPA
115 W. Main St., 4th Fl.
Columbus, OH  43215

Attorneys for Plaintiff
***James R. Rodgers***

                                                */s/ Ryan A. Sobel*
                                                *One of the Attorneys for Defendants*