FILED
COMMON PLEAS COURT
MUSKINGUM CO., OHIO
2012 JUL 9 AM 10 38
TODD A. BICKLE
CLERK

**IN THE MUSKINGUM COUNTY COURT OF COMMON PLEAS**
**ZANESVILLE, OHIO**

James R. Rodgers
2120 Virginia Ridge Road
Philo, Ohio 43771

Plaintiff,

v.

Mattingly Foods, Inc.
c/o Andrew Hess, Agent
302 State Street
Zanesville, Ohio 43701

and

Andrew Hess
302 State Street
Zanesville, Ohio 43701

and

Benjamin Hess
302 State Street
Zanesville, Ohio 43701

and

Brandon Hess
302 State Street
Zanesville, Ohio 43701

and

Consolidated Storage Solutions, Inc.
302 State Street
Zanesville, Ohio 43701

and

Mattingly Foods of Louisville, LLC
c/o Mattingly Foods, Statutory Agent
302 State Street
Zanesville, Ohio 43701

and

Civil Action No.: CH2012-0358

JUDGE JUDGE FLEEGLE

**VERIFIED COMPLAINT**

**JURY DEMAND ENDORSED HEREON**

SHAREHOLDER DERIVATIVE ACTION

INITIAL DISCOVERY REQUESTS ATTACHED HERETO

EXHIBIT 1

FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750
(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

ABB Leasing Co.
c/o Andrew Hess, Statutory Agent
3720 Greenbriar Dr.
Zanesville, Ohio 43701

and

45 Degree Logistics, Inc.
302 State Street
Zanesville, Ohio 43701

and

John Doe Nos. 1-25
302 State Street
Zanesville, Ohio 43701

and

John Doe Corporation Nos. 1-25
302 State Street
Zanesville, Ohio 43701

Defendants.

**INTRODUCTION**

1. Defendants Andrew, Benjamin, and Brandon Hess wore a number of hats at Mattingly Foods, Inc.: they were shareholders, officers, and/or directors of Mattingly Foods between at least 2005 and present.

2. In addition, the Hess brothers are also shareholders, officers, and/or directors of other companies, such as Defendants Mattingly Foods of Louisville, LLC, ABB Leasing Co., Consolidated Storage Solutions, Inc., and 45 Degree Logistics, Inc., as well as KABB Logistics, Inc., and likely others.

3. As a result of the roles they held at Mattingly Foods, the three Hess brothers owed strict fiduciary duties to the company and its shareholders, such as the duties of loyalty, to refrain from self-dealing, disclosure, and to act in good faith, among other duties.

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750
(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

4. Mattingly Foods' shareholders included its employees, such as Plaintiff, who constitute legal or equitable minority shareholders of the company through their participation in the Mattingly Foods Employee Stock Ownership Plan (the "ESOP").

5. Rather than fulfilling their fiduciary duties to Mattingly Foods and its minority shareholders, the Hess brothers created competing companies that they (and/or their family members) solely owned to deplete the assets, customers, and value of Mattingly Foods until the business of Mattingly Foods was no longer conducted by Mattingly Foods but instead was conducted by the companies created by the Hess brothers.

6. The Hess brothers' scheme was successful – its operations are now primarily conducted through other companies such as Defendants Consolidated Storage Solutions, Inc. ("CSSI") that operate for the benefit of the Hess brothers and their solely-family-owned companies. These companies conduct business that is identical to (or at least a very logical and reasonable extension of) the business that was conducted by Mattingly Foods.

7. Plaintiff therefore files this shareholder derivative action under Ohio Civil Rule 23.1 on behalf of Mattingly Foods, Inc. to recover for the company (and consequently its minority shareholders) the value that was wrongfully diverted from Mattingly Foods, and to place a constructive trust over the assets and business that should belong to Mattingly Foods.

## PARTIES, VENUE & JURISDICTION

8. Plaintiff James R. (Randy) Rodgers was employed by Mattingly Foods from February 1988 until May 2010. As a result of Rodgers' employment, Rodgers was a participant in the ESOP. The ESOP held a minority interest in Mattingly Foods, a

FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750
(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

percentage that upon information and belief was 33.33% of Mattingly Foods' outstanding and issued common shares.

9. Plaintiff Rodgers, as a vested participant in the ESOP, is a legal or equitable owner of shares of Mattingly Foods.

10. Mattingly Foods, Inc. is a closely-held Ohio corporation, with its business headquarters at 302 State Street in Zanesville, Ohio.

11. Defendant Andrew Hess is the president, a director, and a shareholder of Mattingly Foods, and a "Plan Administrator" of the ESOP. Defendant Andrew Hess is also a resident of Muskingum County, Ohio.

12. Defendant Benjamin Hess is a director and a shareholder of Mattingly Foods, Inc.

13. Defendant Brandon Hess is the secretary, a director, and a shareholder of Mattingly Foods, Inc.

14. Defendant Consolidated Storage Solutions, Inc. ("CSSI") operates in Ohio from the same location as Defendant Mattingly Foods: 302 State Street in Zanesville, Ohio. Upon information and belief, Defendant CSSI has not been properly incorporated to conduct business as required in Ohio.

15. Defendant Mattingly Foods of Louisville, LLC ("Mattingly of Louisville"), is a Kentucky limited liability company that conducts business from 2055 Nelson Miller Parkway in Louisville, Kentucky.

16. Defendant ABB Leasing Company is an Ohio corporation with its principal place of business in Muskingum County, Ohio.

17. Defendant 45 Degree Logistics, Inc. operates from a principal place of business in Muskingum County, Ohio. Upon information and belief, Defendant 45

FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750
(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

Degree Logistics has not been properly incorporated to conduct business as required in Ohio

18. John Doe Nos. 1-25 are additional officers or directors of Mattingly Foods, or shareholders who constitute majority or managing shareholders of Mattingly Foods, whose identity will be ascertained through discovery in this litigation.

19. John Doe Corporation Nos. 1-25 are additional companies to which the assets, opportunities and business of Mattingly Foods were misappropriated to, sold to for less than fair market value, or otherwise diverted, whose identity will be ascertained through discovery in this litigation.

20. Venue is appropriate in this county pursuant to Ohio Civil Rule 3(B) as Muskingum County, Ohio is the county in which at least one Defendant resides and/or has its principal place of business, and is the county where the Hess Defendants conducted activity that gave rise to the claim for relief and in which all or part of the claim for relief arose.

21. The Hess Defendants – Andrew, Benjamin, and Brandon – and other related family members constitute majority shareholders of Mattingly Foods.

22. The Hess Defendants and their family members also constituted all of the directors of Mattingly Foods between 2005 and present.

23. The Hess Defendants and/or their family members constituted all of the shareholders and directors of Defendants ABB Leasing Co., Consolidated Storage Solutions, Inc., and 45 Degree Logistics, Inc., as well as KABB Logistics, between 2005 and present. In addition, the Hess Defendants and/or their family members constituted all of the directors of Defendant Mattingly Foods of Louisville, LLC between 2005 and present.

FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750
(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

24. Plaintiff is and was at all relevant times referred to herein a fully vested participant in the Mattingly Foods ESOP. Following the ESOP's formation in or about 1999, the ESOP was at all relevant times referred to herein a minority shareholder of Mattingly Foods between 1999 and in or about 2012.

25. Plaintiff brings the claims asserted herein as a derivative action pursuant to Civil Rule 23.1 on behalf of Mattingly Foods, through its shareholders, employee-participants in the ESOP, to enforce a right of Mattingly Foods and/or the ESOP.

26. Plaintiff was a legal or equitable shareholder of Mattingly Foods shares at the time the transactions and other acts and omissions set forth in this Complaint occurred.

27. The ESOP and Mattingly Foods have failed to enforce rights which may be asserted by them to redress wrongs alleged herein because the ESOP and Mattingly Foods were at all times referred to herein dominated and controlled by the Hess Defendants whose wrongful conduct is at issue in this case.

28. Pursuant to Rule 23.1 Plaintiff has verified the allegations contained herein, and Plaintiff will fairly and adequately represent the interests of similarly situated Mattingly Foods shareholders.

29. Plaintiff Rodgers has made sufficient effort to cause the ESOP and Mattingly Foods to institute this action in the name of Mattingly Foods or the ESOP, as set forth in an April 25, 2012 letter from Attorney Ethan Vessels to Mattingly Foods, in care of Defendant Andrew Hess. (Attached as Exhibit 1.)

30. To date, there has been no response to the April 25, 2012 Vessels letter. Nor has Mattingly Foods, the ESOP, Andrew Hess, the Hess Defendants nor anyone else taken any action in response to the demands set forth in the demand.

FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750
(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

31. Mattingly Foods will not permit any action to be instituted because among other things:

a. The Hess Defendants would not cause Mattingly Foods and/or the ESOP to commence an action against themselves for breaching the fiduciary obligations which they owed to Mattingly Foods and/or the ESOP and the ESOP participants and beneficiaries;

b. The Hess Defendants would not cause Mattingly Foods and/or the ESOP to commence an action against Mattingly Foods because the Hess Defendants: (1) used Mattingly Foods to engage in and (2) received the related benefits of unlawful conduct and any recovery will deprive the Hess Defendants and the other Board members of Mattingly Foods of said benefits;

c. The Hess Defendants and their family members have engaged in self-dealing. They constitute the majority shareholders and all of the directors of Mattingly Foods, while also constituting all of the directors and shareholders (except for Mattingly of Louisville) of the other company Defendants to which Plaintiffs seek to take action;

d. None of the Board members are capable of acting independently because all of the Mattingly Foods Board members are related to the Hess Defendants and are dominated by the Hess Defendants due to their close familial relationship;

e. The Hess Defendants were directly involved in the wrongdoing at issue and is not disinterested; and

f. The Mattingly Foods Board exercises discretionary authority or control over the ESOP so as to prevent the ESOP from taking the action Plaintiffs seek.

FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750
(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

32. Any demand by Plaintiff for Mattingly Foods or the ESOP to take action would therefore be futile and unavailing.

33. The failure of the Mattingly Foods Board to take action as set forth herein is unreasonable, wrongful, fraudulent, or arbitrary.

**FACTS COMMON TO ALL CLAIMS**

34. Since the 1940's until May 2010, Mattingly Foods engaged in the distribution of food and restaurant products to numerous customers, such as Steak & Shake and Bob Evans, throughout Ohio and 12 other states.

35. Beginning in 1947 until May 2010, Mattingly Foods also engaged in the distribution of frozen foods to numerous customers, such as Harry & David's and Steak & Shake. For purposes of the frozen food business, Mattingly Foods built and owned a frozen food warehouse of over 240,000 square feet.

36. Rather than focusing on the growth and expansion of Mattingly Foods, the Hess Defendants instead formed and expanded other businesses that the Hess Defendants and their family members solely owned. Through these entities, the Hess Defendants and the Mattingly Foods Board improperly benefitted themselves to the detriment of Mattingly Foods and its minority shareholders such as its employee shareholders.

37. For example, the Hess Defendants identified a business opportunity to purchase A. Thomas Foodservice in Louisville, Kentucky. That opportunity resulted in the acquisition of A. Thomas Foodservice in December 2008, which then became Mattingly of Louisville.

FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750
(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

38. Mattingly of Louisville conducts a very similar foodservice business as Mattingly Foods, and was a logical and reasonable extension of the business of Mattingly Foods.

39. Mattingly Foods and its employee minority shareholders were not initially included in the acquisition of A. Thomas Foodservice – only the Hess Defendants were included. Notwithstanding that fact, Mattingly of Louisville regularly utilized the employees and assets of Mattingly Foods for less than adequate remuneration. But only *after* Mattingly of Louisville suffered losses was the Louisville company made a "division" of Mattingly Foods upon terms that were not favorable to Mattingly Foods.

40. Upon information and belief, neither Mattingly Foods nor its employee minority shareholders properly benefitted from the acquisition and business of Mattingly of Louisville, and/or suffered losses that should not have been borne.

41. Other businesses were solely owned and operated by the Hess Defendants and/or their family members and were utilized to conduct business to the exclusion and detriment of Mattingly Foods and its minority shareholders. One such example is Defendant ABB Leasing. Upon information and belief, the name "ABB" reflects the first initial of the first name of Defendants Andrew, Benjamin and Brandon Hess. The business conducted by ABB Leasing – the leasing of transportation equipment – was a logical and reasonable extension of the business conducted by Mattingly Foods that Mattingly Foods was capable of performing.

42. Similarly, KABB Logistics was a company that was solely owned and operated by the Hess Defendants and/or their family members until it was dissolved in 2011. Upon information and belief, the name "KABB" reflects the first initial of the first name of the four Mattingly grandchildren – Kelly Callahan, and Andrew, Benjamin and Brandon Hess. The business conducted by KABB Logistics – trucking and

FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750
(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

transportation of goods and services, including food – was a logical and reasonable extension of the business conducted by Mattingly Foods that Mattingly Foods was capable of performing.

43. Similarly, Defendant 45 Degree Logistics was a company that was solely owned and operated by the Hess Defendants and/or their family members. The business conducted by 45 Degree Logistics – trucking and transportation of goods and services, including food – was a logical and reasonable extension of the business conducted by Mattingly Foods that Mattingly Foods was capable of performing.

44. Upon information and belief, other companies (the names of which are unknown to Plaintiff) were solely owned and operated by the Hess Defendants and/or their family members and engaged in business that was a logical and reasonable extension of the business conducted by Mattingly Foods that Mattingly Foods was capable of performing.

45. Upon information and belief, numerous transactions occurred by and between Mattingly Foods and the companies solely owned and controlled by the Hess Defendants.

46. For example, employees of Mattingly Foods were "leased" to ABB Leasing and KABB Logistics to perform functions for those two companies.

47. The effect of these "leasing" transactions benefited ABB Leasing and KABB Logistics financially as well as allowing those companies to perform work that could have (and should have) been performed by Mattingly Foods using the same "leased" employees.

48. 45 Degree Logistics transported items that were previously delivered by Mattingly Foods. Mattingly Foods should have been delivering those items.

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

49. Certain assets owned by Mattingly Foods, such as real and personal property and other assets, were sold or leased to companies solely owned and controlled by the Hess Defendants.

50. For at least the past four years (and likely earlier), the Hess Defendants upon information and belief purposely relinquished ongoing business and business opportunities for the purpose of allowing Mattingly Foods to devalue and permit the companies solely owned and operated by the Hess Defendants and/or their family members to prosper at Mattingly Foods' expense.

51. To that end, in May 2010, Mattingly Foods lost its two largest food distribution clients: Steak & Shake and Bob Evans. As a result, the employment of Plaintiff and many others employed at Mattingly Foods was terminated.

52. Rather than continuing with the frozen foods business of Mattingly Foods, the frozen foods business was shifted to Defendant CSSI. Upon information and belief, Mattingly Foods leases its frozen foods warehouse to CSSI. CSSI is not only a logical and reasonable extension of the Mattingly Foods business, but also appears to be identical to the business formerly conducted by Mattingly Foods.

53. None of the transactions between Mattingly Foods and any of the companies solely owned and controlled by the Hess Defendants, including but not limited to Defendants ABB Leasing, CSSI, Mattingly of Louisville, and 45 Degree Logistics, or KABB Logistics or any other company, provided fair market value to Mattingly Foods.

54. The actions of the Hess Defendants as alleged herein had a predictable effect upon Mattingly Foods; the company's share value dramatically declined.

55. The fair market value of one share of Mattingly Foods stock peaked at $761.67 as of December 31, 2005.

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

56. The share price dropped to $625.67/share as of December 31, 2006, and rose slightly to $651.00/share as of December 31, 2007.

57. The non-frozen food and the frozen food business of Mattingly Foods and its customers was strong in 2008-2010, despite the recession and impact of the financial industry meltdown.

58. However, the effect of the numerous actions of Defendants as described herein significantly reduced the profitability and value of Mattingly Foods. As of December 31, 2008, the fair market value of Mattingly Foods' stock dropped dramatically from 2007, down to $439.69/share.

59. The decline from 2008 to 2009 was even greater, despite another year of strong demand from Mattingly Foods' customers. As of December 31, 2009, the fair market value of Mattingly Foods' stock dropped to $279.67/share.

60. After losing the company's biggest food distribution clients and diverting the remaining business of Mattingly Foods to companies solely owned and operated by the Hess Defendants and/or their family members, the Hess Defendants caused Mattingly Foods to terminate the ESOP, setting in motion the eventual sale of the ESOP's stock in Mattingly Foods.

61. But for the actions of the Hess Defendants as described herein, the value of Mattingly Foods would be significantly higher than the value recently determined by the ESOP. Because of the actions as described herein, the employee minority shareholders will receive only a fraction of the value Mattingly Foods had only several years earlier without relief from this Court.

FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750
(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

**CLAIM ONE**
**BREACH OF FIDUCIARY DUTY**
**(SELF-DEALING)**

62. Plaintiff re-alleges and incorporates by reference paragraphs 1-61 of this Complaint as if fully rewritten herein.

63. The Hess Defendants and John Doe Nos. 1-25 owed strict fiduciary duties to Mattingly Foods and its employee minority shareholders that include (but are not limited to) duties of loyalty, to refrain from self-dealing, disclosure, and to act in good faith.

64. The Hess Defendants and John Doe Nos. 1-25 have breached these fiduciary duties by engaging in numerous instances of self-dealing, as described herein.

65. As a direct and proximate result of the self-dealing by the Hess Defendants and John Doe Nos. 1-25, each Defendant has benefitted to the detriment of Mattingly Foods and its minority shareholders.

66. The net effect of Defendants' actions allowed the officers, directors, and majority shareholders to reap the financial rewards of the business and assets of Mattingly Foods that had developed over 70 years to the detriment of Mattingly Foods and its minority shareholders.

67. Put differently, as a direct and proximate result of the self-dealing by Hess Defendants and John Doe Nos. 1-25, the assets and revenues that previously enriched all of Mattingly Foods shareholders (including the employee minority shareholders) were funneled into companies that only benefitted the shareholders of the companies solely owned by the Hess Defendants and/or their family members.

FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

68. As a direct and proximate result of the self-dealing by Hess Defendants and John Doe Nos. 1-25, Mattingly Foods and its minority shareholders have been damaged in an amount upon information and belief exceeds $10 million, plus pre- and post-judgment interest, punitive damages, disgorgement, costs, expenses, attorney fees, and other monetary and equitable relief as may be appropriate.

69. As a direct and proximate result of the self-dealing by Hess Defendants and John Doe Nos. 1-25, Mattingly Foods and its minority shareholders are entitled to a constructive trust over the assets and business of Defendants CSSI, Mattingly of Louisville, ABB Leasing, 45 Degree Logistics, and John Doe Corporation Nos. 1-25, and over all benefits and amounts received by the Hess Defendants' and John Doe Nos. 1-25 to date.

**CLAIM TWO**
**BREACH OF FIDUCIARY DUTY**
**(MISAPPROPRIATION OF CORPORATE OPPORTUNITIES)**

70. Plaintiff re-alleges and incorporates by reference paragraphs 1-69 of this Complaint as if fully rewritten herein.

71. The Hess Defendants and John Doe Nos. 1-25 have breached the fiduciary duties they owed to Mattingly Foods and its minority shareholders by engaging in numerous misappropriations of corporate opportunities that rightfully belonged to Mattingly Foods.

72. As a direct and proximate result of the Hess Defendants' and John Doe Nos. 1-25's misappropriation of corporate opportunities that rightfully belonged to Mattingly Foods, each Defendant has benefitted to the detriment of Mattingly Foods and its minority shareholders.

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

73. As a direct and proximate result of the Hess Defendants' and John Doe Nos. 1-25's misappropriation of corporate opportunities that rightfully belonged to Mattingly Foods, business that should be and was capable of being conducted by Mattingly Foods is being conducted by Defendants CSSI, Mattingly of Louisville, ABB Leasing, 45 Degree Logistics, and John Doe Corporation Nos. 1-25.

74. As a direct and proximate result of the Hess Defendants' and John Doe Nos. 1-25's misappropriation of corporate opportunities that rightfully belonged to Mattingly Foods, Mattingly Foods and its minority shareholders have been damaged in an amount upon information and belief exceeds $10 million, plus pre- and post-judgment interest, punitive damages, disgorgement, costs, expenses, attorney fees, and other monetary and equitable relief as may be appropriate

75. As a direct and proximate result of the Hess Defendants' and John Doe Nos. 1-25's misappropriation of corporate opportunities that rightfully belonged to Mattingly Foods, Mattingly Foods, and its minority shareholders are entitled to a constructive trust over the assets and business of Defendants CSSI, Mattingly of Louisville, ABB Leasing, 45 Degree Logistics, and John Doe Corporation Nos. 1-25, and over all benefits and amounts received by the Hess Defendants' and John Doe Nos. 1-25 to date.

FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

**CLAIM THREE**
**MALICE**

76. Plaintiff re-alleges and incorporates by reference paragraphs 1-75 of this Complaint as if fully rewritten herein.

77. The collective actions of Andrew Hess, Benjamin Hess, and Brandon Hess were motivated by greed, deceit, and malice with a complete disregard for the rights of the Plaintiffs.

78. The Plaintiffs are accordingly entitled to recover punitive damages and attorney's fees.

**WHEREFORE,** Plaintiff James Rodgers, on behalf of Mattingly Foods, Inc. and the employee-participants of the Mattingly Foods Employee Stock Ownership Plan, demand judgment as follows:

A. Compensatory damages against Defendants Andrew Hess, Benjamin Hess, and Brandon Hess exceeding $25,000, jointly and severally;

B. Disgorgement of any profits earned by Defendants Andrew Hess, Benjamin Hess, and Brandon Hess on the amounts recovered by Plaintiffs, jointly and severally;

C. Punitive damages against Defendants Andrew Hess, Benjamin Hess, and Brandon Hess exceeding $25,000, jointly and severally;

D. Pre- and post-judgment interest against Defendants Andrew Hess, Benjamin Hess, and Brandon Hess, jointly and severally;

E. The attorney fees, costs, expenses and other amounts associated with this action against Defendants Andrew Hess, Benjamin Hess, and Brandon Hess, jointly and severally;

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

F. A constructive trust over the assets and business of Defendants Consolidated Storage Solutions, Inc., Mattingly Foods of Louisville, LLC, ABB Leasing, Co., 45 Degree Logistics, Inc., and John Doe Corporation Nos. 1-25, and over all benefits and amounts wrongfully received by Defendants Andrew Hess, Benjamin Hess, and Brandon Hess and John Doe Nos. 1-25 to date; and

G. Any other legal or equitable relief this Court deems appropriate.

Respectfully submitted,

**Ethan Vessels** (0076277)
**Flite Freimann** (0079729)
FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 Second Street
Marietta, Ohio 45750
ethan@fieldsdehmlow.com
Telephone (740) 374-5346
Facsimile (740) 374-5349
*Attorney for the Plaintiffs*

**Scott J. Stitt** (0073943)
**JAMES E. ARNOLD & ASSOCIATES, LPA**
115 West Main Street, 4th Floor
Columbus, Ohio 43215
sstitt@arnlaw.com
Telephone (614) 460-1600
Facsimile (614) 469-1066
*Attorney for the Plaintiffs*

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all counts of Plaintiffs' Claims so triable.

Ethan Vessels (0076277)

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

**Verification**

STATE OF OHIO )
) ss:
COUNTY OF ________________)

I, James Randall Rodgers, being first duly sworn, depose and state that I have read this Complaint, and that the averments set forth therein are true and correct to the best of my knowledge, information and belief.

James Randall Rodgers

Sworn and subscribed to me this 24th day of June 2012.

Notary Public




FLITE H. FREIMANN
Attorney At Law
Notary Public, State of Ohio
My commission has no expiration date
Sec. 147.03 R.C.

FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750
(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com