UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES R. RODGERS,

        **Plaintiff,**

                                **Civil Action 2:12-cv-00713**

     **v.**                          **Judge Edmund A. Sargus**

                                **Magistrate Judge Elizabeth P. Deavers**

MATTINGLY FOODS, INC., *et al.*,

        **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff originally filed this action in the Muskingum County Court of Common Pleas asserting various state-law shareholder derivative claims against Defendants.  (ECF No. 2.) Defendants filed a Notice of Removal on August 7, 2012, in which they contend that Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act ("ERISA") and thus removable to federal court.  (ECF No. 1.)  This matter is before the Court for consideration of Plaintiff's Motion to Remand.  (ECF No. 8.)  Defendants filed their Response in Opposition to Plaintiff's Motion on September 6, 2012.  (ECF No. 12.)  Plaintiff filed his Reply on September 13, 2012.  (ECF No. 13.)  For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion to Remand be **GRANTED** and that this case be **REMANDED** to the Muskingum County Court of Common Pleas.

## I.

According to the Complaint, Plaintiff worked for Mattingly Foods, Inc. ("Mattingly") from 1988 through May 2010.  (Compl. ¶ 8, ECF No. 2.)  Mattingly is a closely-held Ohio corporation that distributes food and restaurant products throughout Ohio and to twelve other states.  Mattingly maintained an Employee Stock Ownership Plan ("ESOP") for the benefit of its

employees.  *Id.* at ¶¶ 4, 24.  The ESOP was the minority shareholder of Mattingly from 1999 through 2012.  *Id.* at ¶ 24.  Plaintiff was at all relevant times a fully vested participant in the ESOP.  *Id.*  By virtue of their participation in the ESOP, Mattingly employees, including Plaintiff, are legal or equitable shareholders of Mattingly.  *Id.* at ¶ 4.

Defendant Andrew Hess is the president of Mattingly, as well as a director, a shareholder, and the "plan administrator" of Mattingly's ESOP.  *Id.* at ¶ 11.  Defendant Benjamin Hess is a director and shareholder of Mattingly.  (Compl. ¶ 12.)  Defendant Brandon Hess is the secretary, a director and a shareholder of Mattingly.  *Id.* at ¶ 13.

Plaintiff alleges that the Hess Defendants engaged in misconduct which resulted in the devaluation of Mattingly stock.  According to Plaintiff, the Defendants formed and expanded other businesses that they or their family members owned which adversely affected Mattingly.  *Id.* at ¶ 36.  Plaintiff maintains that the Hess Defendants diverted employees, resources and business away from Mattingly and into these other companies.  *Id.* at ¶¶ 36-61.  They also sold or leased Mattingly's assets to the other companies on unfair terms.  *Id.* at ¶¶ 49-50, 53.  As a result of the Hess Defendants' actions, Plaintiff posits that Mattingly's share value dramatically declined.  *Id.* at ¶ 54.  The Hess Defendants subsequently caused Mattingly to terminate the ESOP and sell its stock.  (Compl. ¶ 60.)  Now, Plaintiff contends the Hess Defendants utilize these other companies to conduct business that they formerly conducted through Mattingly.  *Id.* at ¶¶ 5, 6.

In his Complaint, Plaintiff asserts various shareholder derivative claims on behalf of Mattingly.  He seeks to recover the loss in value Mattingly suffered as a consequence of the Hess Defendants' purported misconduct.  *Id.* at ¶ 7.

**II**.

Generally a defendant is entitled to remove a cause of action to federal court when the federal district court would "have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States."  28 U.S.C. § 1441(b);  *Husvar v. Rapoport*, 430 F.3d 777, 781 (6th Cir. 2005).  In determining the propriety of removal, courts conform to the "well-pleaded complaint rule."  *Id.* (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987)).  Pursuant to that rule, federal courts recognize that "'the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.'"  *Id.* (quoting *Caterpillar*, 482 U.S. at 398-99).

The principle of preemption, however, runs as a corollary to the well-pleaded complaint rule.  "'Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'"  *Husvar*, 430 F.3d at 781 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)).  In such a case, federal courts are vested with jurisdiction and removal is appropriate even though the federal cause of action does not appear on the face of the complaint.  *Id.* at 781-82.

In the context of ERISA, Congress has preempted "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  ERISA § 514(a), 29 U.S.C. § 1144(a).  The United States Supreme Court has recognized that Congress expressed its intent in enacting ERISA to make regulation of benefit plans solely a federal concern.  *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 41 (1997)).  Thus, only those "claims whose affect on employee benefit

plans is merely tenuous, remote, or peripheral are not preempted." *Id.* The Sixth Circuit has stated that "[i]t is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Id.*

Congress purposefully imposed preemption under ERISA to avoid conflicting federal and state regulation and to require a nationally uniform administration of employee benefit plans. *Penny/Ohlmann/ Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 698 (6th Cir. 2005). To that end, ERISA preempts state laws that (1) "mandate employee benefit structures or their administration;" (2) provide "alternate enforcement mechanisms;" or (3) "bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself." *Id.* Congress did not, however, intend for ERISA "to preempt traditional state-based laws of general applicability that do not implicate the relations among the traditional ERISA plan entities, including the principals, the employer, the plan, the plan fiduciaries, and the beneficiaries." *Id.* (internal quotation marks omitted).

The Court of Appeals for the Sixth Circuit relatively recently held that ERISA does not preempt state-law shareholder derivative suits brought by corporate employees who, by virtue of their participation in an ESOP, are company shareholders. *Husvar*, 430 F.3d at 782. The employee-plaintiffs in *Husvar* received shares of company stock by virtue of their participation in the company's ESOP. *Id.* at 779. The plaintiffs brought a shareholder derivative suit in state court against members of the company's board of directors, alleging that their mismanagement of the company caused the value of the stock held in the ESOP to decline significantly. *Id.* The defendants removed the case to federal court, arguing that the plaintiffs effectively sought to

4

recover the loss of value of their retirement savings which the defendants argued triggered

ERISA preemption.  *Id.* at 780.  The district court denied the plaintiffs' motion to remand.

Reversing, the Sixth Circuit circumscribed in its analysis to the allegations in the plaintiff's

complaint:

> [T]he complaint does *not* challenge the actions of a plan fiduciary.  Instead, the
> complaint merely questions the propriety of certain business decisions made by
> the company's board of directors.  Although those decisions, without question,
> affected the value of the company stock that comprised the employees' benefit
> plan assets, that fact alone does not transform a state-law breach of fiduciary duty
> claim into a federal ERISA action.

> *Id.* at 782.  Central to the court's holding was that the plaintiffs  did not "allege that the

defendants themselves mismanaged any fund designated as a pension benefit plan for company

workers."  *Id.*  Instead, the plaintiffs alleged that "the individual defendants mismanaged the

company so as to result in a dramatic decrease in the value of [company] stock – a result that, in

turn, happened to devalue the ESOP funded with such stock."  *Id.*  Thus, the court held that

"[a]bsent any indication in the complaint that the plaintiffs intend to challenge the decisions or

actions of *plan fiduciaries*," ERISA is not implicated.  *Id.*

## III.

The Undersigned recommends that the Court grant Plaintiff's Motion to Remand.  (ECF

No. 8.)  This case is virtually indistinguishable from *Husvar*.  Here, Plaintiff alleges that he

received shares of Mattingly stock in conjunction with his participation in the ESOP.  (Compl. ¶

4, ECF No. 2.)  He asserts claims against members of Mattingly's board of directors, alleging

that their mismanagement of the company caused the value of Mattingly stock to diminish.  *Id.* at

¶¶ 36-61.  Plaintiff does not challenge Defendants' actions in their capacities as plan fiduciaries.

Nor does he allege that they mismanaged any fund designated as a pension benefit for Mattingly

5

employees.

The Undersigned finds Defendants' attempts to distinguish this case from *Husvar* unavailing.  First, Defendants argue that Plaintiff, unlike the plaintiffs in *Husvar*, lacks standing to bring a shareholder derivative suit.  Defendants contend that Plaintiff was never a shareholder of Mattingly because he and other ESOP participants held only future interests in Mattingly stock.  (Def.'s Op. 11, ECF No. 12.)  Defendants further contend that the actual shareholder of record was the ESOP itself, and that plan documents vest exclusive authority to exercise shareholder rights in the ESOP trustee.  *Id.* at 6, 11.  Consequently, as the argument goes, the only "corporate" duty Defendants arguably owed was to the ESOP trustee, not to Plaintiff.  *Id.* at 13.  Defendants contend that, because the only duty they could possibly have owed to Plaintiff arose from their capacities as plan administrators, this case differs from *Husvar* and ERISA preempts Plaintiff's claims.

The question of whether Plaintiff has standing to bring a shareholder derivative claim, however, is separate and distinct from the question of whether ERISA preempts this shareholder derivative lawsuit.  State law governs shareholder derivative actions and regulates who many be a company's shareholder.  *See Brown v. Ferro Corp.*, 763 F.2d 798, 802-03 (6th Cir. 1985) (recognizing that shareholder derivative actions are governed by the law of the state in which the company is incorporated).  Thus, absent an independent source from which this Court could derive jurisdiction, the question of whether a plaintiff is a "shareholder" within the meaning of state law must be determined by the state court.  If Defendants intend to attempt to establish that Plaintiff is not a shareholder with standing to bring a derivative action under Ohio law, the

appropriate course of action is to file a motion to dismiss in state court.[1]

Moreover, even if the Court were to assume, *arguendo*, that Plaintiff is not a shareholder and that the only duty the Hess Defendants owed to him was under ERISA in conjunction with their status as plan administrators, that fact alone would not transform this state-law shareholder derivative action into a federal ERISA claim. Again, Plaintiff makes no allegations in his Complaint against the Hess Defendants in their capacities as plan administrators. Nor does he allege that Defendants mismanaged plan benefits or breached a duty with respect to the plan itself. In fact, Plaintiff makes no allegation at all concerning Defendants' actions with respect to the plan. The Court cannot of its own volition supplant Plaintiff's allegations against corporate officers for breaches of corporate duties with claims for breach of ERISA-imposed duties against plan administrators. *See Husvar*, 430 F.3d at 781 (recognizing that the plaintiff is the master of his complaint, and that he may, "by eschewing claims based on federal law, choose to have the cause heard in state court") (internal quotation marks omitted).

Second, the Court rejects Defendant's contention that ERISA preempts Plaintiff's claims because the plan documents will control whether Plaintiff is a shareholder with standing to bring this lawsuit. (Def.'s Op. 13, ECF No. 12.) Defendants' reliance on *Busacca v. Excavating, Bldg. Material & Constr. Drivers Union Local 436*, 953 F. Supp. 867, 872 (N.D. Ohio 1996) is misplaced. The *Busacca* court held that ERISA preempted a claim in which the plaintiff sought reimbursement from an employee benefit plan of legal fees that he expended defending criminal charges related to his employment with the plan. *Id.* at 872. The defendants disputed whether

---

[1] The Court expresses no opinion as to the merits of Defendants' argument that Plaintiff is not a shareholder.

the plan could legally reimburse the plaintiff for his fees in light of both ERISA and the plan documents. *Id.* at 871. The court concluded that the claim was preempted because "a determination of [the plaintiff's] claim requires reference to the [plan's] trust agreement and provisions of ERISA." *Id.* at 872. Here, conversely, a determination of Plaintiff's claim does not depend on the contents of the plan documents. Although the plan documents may or may not inform the state court as to whether Plaintiff has standing to bring a shareholder derivative suit, they will not determine the merits of Plaintiff's claim.

Defendants next argue that to permit Plaintiff to bring a shareholder derivative suit on behalf of the ESOP would encroach on a matter of plan administration because it would allow Plaintiff to exercise rights reserved exclusively to the ESOP trustee. (Def.'s Op. 14, ECF No. 12.) The Court finds this contention equally unavailing. *Eckelkamp v. Beste*, 315 F.3d 863 (8th Cir. 2002), upon which Defendants rely to support their position, is inapposite. In *Eckelkamp*, the plaintiffs sought to bring what the court characterized as a "double-derivative" suit. *Id.* at 869. They claimed that as members of the ESOP they possessed authority to assert the ESOP's right as the sole shareholder to bring claims against corporate officers. *Id.* The operative plan documents vested the trustee with exclusive authority to exercise rights on behalf of the ESOP. *Id.* The Eighth Circuit concluded that "[t]o permit ESOP beneficiaries to assert rights granted to the trustee would . . . alter the administration of the plan," which triggers preemption. *Id.* at 870. Defendants in this case, however, misconstrue the nature of Plaintiff's claims. Plaintiff has not asserted a claim on behalf of the ESOP as the sole shareholder of Mattingly. Rather, Plaintiff asserts claims as a shareholder himself. The Sixth Circuit has expressly held that ERISA does not preempt such claims. *Husvar*, 430 F.3d at 782.

8

Moreover, in *Husvar* the Sixth Circuit implicitly rejected the very argument Defendants make here.  In *Husvar*, like the instant matter, the plaintiffs were employee-participants in an ESOP.  The plaintiffs alleged that the defendants' conduct diminished the value of company stock which resulted in the devaluation of their retirement benefits.  *Husvar* at 779-80.  Presumably the plaintiffs there had an arguable claim against the plan administrators for breach of an ERISA-imposed duty.  Still, the Sixth Circuit held that "[a]bsent any indication in the complaint that the plaintiffs intend to challenge the decisions or actions of *plan fiduciaries*, the filing contains no claims arising under federal law."  *Id.* at 782 (emphasis in original).

Finally, Defendants attempt to distinguish *Husvar* on basis that the ESOP in this case has already terminated.  (Def.'s Op. 15, ECF No. 12.)  Because the Mattingly ESOP has terminated, Defendants suggest that any recovery Plaintiff might obtain would come in the form of a distribution of benefits as a participant under the ESOP.  *Id.*  The *Husvar* plaintiffs, according to Defendants, could colorably argue that they were not seeking distribution of plan benefits because the ESOP in that case had not yet terminated.  *Id.* at 17.  Defendants provide no authority for the proposition that ERISA preemption depends on the status of the ESOP at the time a plaintiff files suit.  Moreover, the *Husvar* court acknowledged that the plaintiffs sought "to recover the loss of value of the retirement savings that was occasioned by the individual [d]efendants' mismanagement of the corporation and the ESOP."  *Id.* at 780.  Thus, Defendants' attempt to distinguish this case by recharacterizing the form of relief Plaintiff seeks is unavailing.

9

## IV.

Accordingly, the Undersigned concludes that *Husvar* controls, and **RECOMMENDS** that Plaintiff's Motion to Remand be **GRANTED**.  (ECF No. 8.)  It is further **RECOMMENDED** that this case be **REMANDED** to the Muskingum County Court of Common Pleas.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: January 11, 2013                        /s/ *Elizabeth P. Deavers*
                                           Elizabeth P. Deavers
                                           United States Magistrate Judge