UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES R. RODGERS,

      Plaintiff,

                                 Case No. 2:12-CV-00713
      v.                            JUDGE EDMUND A. SARGUS, JR.
                                 Magistrate Judge Elizabeth P. Deavers

MATTINGLY FOODS, *et al.*,

      Defendants.

## OPINION AND ORDER

Plaintiff, James R. Rodgers, brought this action in the Muskingum County Court of Common Pleas alleging state law shareholder derivatives claims against Defendants. Subsequently, Defendants removed the action to this Court maintaining that the Employee Retirement Income Security Act of 1974 ("ERISA") completely preempts Plaintiff's state law claims. This matter is before the Court for consideration of Plaintiff's Motion to Remand. (ECF No. 8) On January 11, 2013, the Magistrate Judge issued a Report and Recommendation, recommending that the Court remand this case to the Muskingum County Court of Common Pleas. (ECF No. 14.) Defendants have since filed Objections to the Report and Recommendation. (ECF No. 15.) For the reasons that follow, the Court **OVERRULES** Defendants' Objections, **ADOPTS** the Report and Recommendation, and **GRANTS** Plaintiff's Motion to Remand. Accordingly, this case is **REMANDED** to the Muskingum County Court of Common Pleas.

## I.

Plaintiff is a former employee of Defendant Mattingly Foods, Inc. ("Mattingly"), a closely-held Ohio corporation. (Compl. ¶ 8, ECF No. 2.) During the time of Plaintiff's employment, Mattingly maintained a Employee Stock Ownership Plan ("ESOP") governed by ERISA. (*Id.* at ¶ 4.) Plaintiff asserts that the ESOP was a minority shareholder of Mattingly during the relevant time period. (*Id.* at ¶ 24.) Moreover, Plaintiff contends that he was at all relevant times a fully vested participant in the ESOP. (*Id.*)

Plaintiff brings shareholder derivative claims against a number of Defendants including Mattingly, Andrew Hess, Benjamin Hess, and Brandon Hess. According to the Complaint, Andrew Hess is the president, a director, and a shareholder of Mattingly, as well as a "plan administrator" of the ESOP.[1] (Compl. ¶ 11.) Benjamin Hess is a director and shareholder of Mattingly. (*Id.* at ¶ 12.) Finally, Brandon Hess is the secretary, a director, and a shareholder of Mattingly. (*Id.* at ¶ 13.)

The Magistrate Judge described Plaintiff's substantive allegations as follows:

Plaintiff alleges that the Hess Defendants engaged in misconduct which resulted in the devaluation of Mattingly stock. According to Plaintiff, the Defendants formed and expanded other businesses that they or their family members owned which adversely affected Mattingly. [Compl.] at ¶ 36. Plaintiff maintains that the Hess Defendants diverted employees, resources and business away from Mattingly and into these other companies. *Id.* at ¶¶ 36-61. They also sold or leased Mattingly's assets to the other companies on unfair terms. *Id.* at ¶¶ 49-50, 53. As a result of the Hess Defendants' actions, Plaintiff posits that Mattingly's share value dramatically declined. *Id.* at ¶ 54. The Hess Defendants subsequently caused Mattingly to terminate the ESOP and sell its stock. (Compl. ¶ 60.) Now, Plaintiff contends the

---

[1] Defendants maintain in briefing that Mattingly was the Plan Administrator of the ESOP. Defendants further specify, and provide documentation to support, that the ESOP assets were held in a trust that was managed by a third-party trustee. (*See* Hess Decl. Ex. 1, ECF No. 12-2.)

Hess Defendants utilize these other companies to conduct business that they formerly conducted through Mattingly. *Id.* at ¶¶ 5, 6.

(Report and Recommendation 2, ECF No. 14.)

Based on these allegations, Plaintiff brings shareholder derivative claims on behalf of Mattingly and its minority shareholders. (Compl. ¶ 7.) Plaintiff specifically maintains that the Hess Defendants—as officers, directors, and majority shareholders of Mattingly—breached fiduciary duties that they owed to Mattingly and its minority shareholders. (*See id.* at ¶¶ 62–75.) Plaintiff seeks to recover, for the company and its minority shareholders, the loss in value to Mattingly that he maintains resulted from Defendants' actions. (*Id.* at ¶ 7.)

As mentioned above, the Magistrate Judge recommended that the Court remand this action. The Magistrate Judge relied heavily on the United States Court of Appeals for the Sixth Circuit's decision in *Husvar v. Rapoport*, 430 F.3d 777 (6th Cir. 2005). In *Husvar*, the Sixth Circuit held that complete preemption did not apply under ERISA to a plaintiff's direct and derivative claims for breach of fiduciary duty. 430 F.3d at 781–82. The Magistrate Judge found *Huzvar* to be "virtually indistinguishable" from the present case. (Report and Recommendation 5.) The Magistrate Judge further emphasized that the present action is based on "mismanagement of the company" and that Plaintiff "does not challenge Defendants' actions in their capacities as plan fiduciaries. Nor does he allege that they mismanaged any fund designated as a pension benefit for Mattingly employees." (*Id.* at 5–6.)

## II.

### A.    Review of Report and Recommendation

The Court reviews a Magistrate Judge's recommendations as to remand *de novo*. *Vogel*

3

*v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001). Specifically, "[a] judge of the court

shall make a de novo determination of those portions of the report or specified proposed findings

or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court

may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." *Id.*

**B.     Removal Jurisdiction**

A defendant may remove an action to federal court when the court would have original

jurisdiction. 28 U.S.C. § 1441(a). Typically, "the question for removal jurisdiction must [] be

determined by reference to the well-pleaded complaint." *Hampton v. R.J. Corman R.R.*

*Switching Co.*, 683 F.3d 708, 711 (6th Cir. 2011) (internal quotations omitted). Under the well-

pleaded complaint rule, "the federal judiciary recognizes that the plaintiff is the master of the

complaint, that a federal question must appear on the face of the complaint, and that the plaintiff

may, by eschewing claims based on federal law, choose to have the cause heard in state court."

*Husvar*, 430 F.3d at 781 (internal quotations omitted).

Nevertheless, "[c]omplete preemption is 'a narrow exception to the well-pleaded

complaint rule.'" *Lockett v. Marsh USA, Inc.*, 354 F. App'x 984, 988 (6th Cir. 2009) (quoting

*AmSouth Bank v. Dale*, 386 F.3d 763, 776 (6th Cir. 2004)). The exception " is applied only

when the federal statutory language demonstrates that Congress has manifested a clear intent that

claims not only be preempted under the federal law, but also that they be removable." *Hampton*,

683 F.3d at 713. As this Court has stated, "[c]omplete preemption is an exercise of extraordinary

preemptive power and applies only in those cases where Congress' intent in enacting a federal

statutory scheme was to completely preempt state law and create federal jurisdiction under 28

4

U.S.C. § 1331." *Huisjack v. Medco Health Solutions, Inc.*, 492 F. Supp. 2d 839, 848 (S.D. Ohio 2007).

## C.     ERISA Preemption

Complete preemption applies to ERISA to the extent that it "converts a state-law claim that could have been brought under [29 U.S.C.] § 1132 into a federal claim . . . and makes the recharacterized claims removable to federal court." *Loffredo v. Daimler AG*, No. 11–1824, 2012 WL 4351358, at *3 (6th Cir. Sept. 25, 2012) (internal citation omitted). As the Sixth Circuit has explained:

> To come within the complete preemption exception "a court must conclude that the common law or statutory claim under state law should be characterized as a superseding ERISA action 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan,' as provided in § 1132(a)(1)(B)." *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 468 n. 11 (6th Cir. 2002) (quoting *Warner v. Ford Motor Co.*, 46 F.3d 531, 533–34 (6th Cir.1995)).

*Lockett*, 354 F. App'x at 988. The Sixth Circuit has also extended complete preemption to breach of duty claims against an ERISA fiduciary in light of 29 U.S.C. § 1132(a)(2). *Smith v. Provident Bank*, 170 F.3d 609, 613–14 (6th Cir. 1999).

For complete preemption to apply, the state law claims in question must be "the equivalent of an ERISA civil enforcement action under [29 U.S.C. § 1132]." *Ward v. Alt. Health Delivery Sys., Inc.*, 261 F.3d 624, 627 (6th Cir. 2001). In other terms, complete preemption occurs when the claim in question (1) "could have been brought under § 1132" and (2) "'where there is no other independent legal duty that is implicated by a defendant's actions . . . .[']" *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 860 (6th Cir. 2007) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)); *see also Loffredo*, 2012 WL 4351358, at *3 ("Complete preemption

5

applies when a plaintiff dresses up a claim for benefits under a pension plan in state-law clothing

because ERISA has so fill[ed] every nook and cranny of the area that it is not possible to frame a

complaint under state law.") (internal quotations omitted).

In addition to complete preemption, ERISA also includes an express preemption

provision. *Id.* at 860–61. ERISA expressly preempts "any and all State laws insofar as they may

now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). Under this

provision, ERISA preempts "state-law claims that (1) mandate employee benefit structures or

their administration; (2) provide alternate enforcement mechanisms; or (3) bind employers or

plan administrators to particular choices or preclude uniform administrative practice, thereby

functioning as a regulation of an ERISA plan itself." *Thurman*, 484 F.3d at 861 (internal

quotations omitted). With regard to the enforcement mechanism category, the Sixth Circuit has

further suggested that preemption may apply if a state law "implicate[s] the relations among the

traditional ERISA plan entities, including the principals, the employer, the plan, the plan

fiduciaries, and the beneficiaries." *Id.* (internal quotations omitted). Moreover, the Sixth Circuit

has indicated that express preemption may occur if the claims require the Court to evaluate and

interpret that parties' responsibilities and performance under the plan in question. *Id.* at 862.

Importantly, for the purposes of Defendants' Objections, "[r]emoval and preemption are

two distinct concepts." *Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir. 1995). Complete

preemption in light of 29 U.S.C. § 1332 creates removal jurisdiction. *Id.* at 534–35. Express

preemption pursuant to 29 U.S.C. § 1144, however, "does not create a federal cause of action

itself, and cannot convert a state cause of action into a federal cause of action under the

well-pleaded complaint rule." *Id.* at 534. Consequently, although express preemption provides a

6

federal defense in state court, it does not provide for removal jurisdiction. *Id.* at 534–35. As the

Sixth Circuit has recently summarized:

> ERISA can preempt state-law claims either by way of complete preemption under
> § 1132(a) or express preemption under § 1144. If a claim is completely preempted
> under § 1132(a), the suit containing those claims may be removed to federal court
> because the completely preempted state-law claim "arises under" federal law, vests
> the district court with federal-question jurisdiction, and authorizes an amendment of
> the complaint to attempt statement of an ERISA claim. *Wright v. Gen. Motors Corp.*,
> 262 F.3d 610, 613 (6th Cir.2001). Express preemption under § 1144, on the other
> hand, covers a claim that "relates to" an employee benefit plan, but—because it does
> not fall within ERISA's civil enforcement regime—does not provide ERISA
> jurisdiction and is simply a defense that is grounds for dismissal, not removal. *See
> id.* at 614–15; *Warner v. Ford Motor Co.*, 46 F.3d 531, 533–35 (6th Cir.1995) (en
> banc).

*Brigolin v. Blue Cross Blue Shield of Michigan*, No. 11–1525, 2013 WL 781639, at *6 n.3 (6th

Cir. Mar. 4, 2013).

### III.

Here, Defendants raise three Objections to the Report and Recommendation. First,

Defendants contend that ERISA preemption applies because the claims in question alter matters

of plan administration and the relationships among ERISA entities. Second, Defendants assert

that ERISA preempts Plaintiff's claims because such claims will require the state court to

interpret and apply plan terms. Third, Defendants maintain that the Sixth Circuit's decision in

*Husvar* is not instructive under the facts of this case.

Upon review, the Court agrees with the Magistrate Judge that complete preemption does

not apply. In this case, Plaintiff's state law derivative claims are not the equivalent of an ERISA

enforcement action under 29 U.S.C. § 1332 and it would be inaccurate to characterize such

claims as an ERISA action to recover benefits, enforce rights, or clarify future benefits under the

terms of the ESOP. Plaintiff's claims do not focus on recovery under the ESOP's terms. They instead are based on Defendants' corporate actions—separate from administration of the ESOP—that purportedly devalued Mattingly. Although any damages may ultimately impact the assets of the now terminated ESOP, and thereby flow through the ESOP, such an impact is not sufficient to create federal jurisdiction. *See Husvar*, 430 F.3d at 782.

Moreover, Plaintiff's claims are not for breach of fiduciary duties that Defendants' owed under ERISA. Rather, Plaintiff's derivative shareholder claims are based on a legal duty that Defendants—as officials, directors, and majority shareholders of Mattingly—owed to Mattingly and its minority shareholders independent from ERISA. Plaintiff may have been able to bring a breach of fiduciary duty claim, based on the ESOP Administrator's failure to take action, but he did not file such a claim. Although the complete preemption analysis requires the Court to look beyond the labels within a complaint, it does not require the Court to entirely transform Plaintiff's claims into something they are not.

Under the circumstances, the Court agrees with the Magistrate Judge that *Husvar* is instructive. In conducting its complete preemption analysis, the Sixth Circuit in *Husvar* focused on the conduct that the plaintiff's complaint put at issue. The Court specifically reasoned:

> In this case, however, the complaint being examined does not challenge the actions of a plan fiduciary. Instead, the complaint merely questions the propriety of certain business decisions made by the company's board of directors. Although those decisions, without question, affected the value of the company stock that comprised the employees' benefit plan assets, that fact alone does not transform a state-law breach of fiduciary duty claim into a federal ERISA action.
>
> * * *
>
> A close examination of the plaintiffs' complaint reveals that nowhere in that document do the former employees allege that the defendants themselves mismanaged any fund designated as a pension benefit plan for company workers. Instead, the complaint is replete only with allegations that the individual defendants

mismanaged the company so as to result in a dramatic decrease in the value of
Mosler stock-a result that, in turn, happened to devalue the ESOP funded with such
stock. A claim that company directors did not operate the business itself in
conformity with sound business practices does not, however, implicate the
protections afforded by ERISA. Absent any indication in the complaint that the
plaintiffs intend to challenge the decisions or actions of plan fiduciaries, the filing
contains no claims arising under federal law.

*Husvar*, 430 F.3d at 782.

Furthermore, Defendants' Objections fail to demonstrate grounds for removal.

Defendants maintain that, under the terms of the ESOP, Plaintiff was not the shareholder of the

relevant stock and, therefore, does not have the authority to bring a shareholder derivative action.

Accordingly, Defendants contend that allowing Plaintiff to bring a state law derivative

shareholder action will alter plan administration and affect the relationships of ERISA entities.

Relatedly, Defendants maintain that any determination as to whether Plaintiff has standing to

bring a shareholder derivative action will involve interpretation and application of the plan's

terms.

Defendants contentions, however, do not justify complete preemption. Within their

Objections, Defendants essentially argue for express preemption.[2] As detailed above, complete

preemption rests on whether Plaintiff could have brought an ERISA enforcement action under 29

U.S.C. § 1332 and whether Defendants' actions implicate an independent legal duty. The factors

Defendants highlight—whether a state law claim will alter plan administration, affect

relationships of ERISA entities, and require interpretation of an ERISA Plan—are central to

---

[2] Within their Objections, Defendants rely heavily on *Eckelkamp v. Beste*, 315 F.3d 863
(8th Cir. 2002) and *In re Lehman Bros. Sec. & ERISA Litig.*, No. 09 MD 2017, 2012 WL
6013012 (S.D.N.Y. Dec. 3, 2012). Tellingly, both cases involve express preemption. *See
Eckelkamp*, 315 F.3d at 870 (applying an express preemption analysis); *In re Lehman Bros.*, 2012
WL 6013012, at *1 (same).

9

express preemption under 29 U.S.C. § 1441(a).[3]  *See Thurman*, 484 F.3d at 861–62.  Even

assuming that express preemption applies,[4] such preemption does not create removal jurisdiction.


IV.

For the foregoing reasons, as well as the reasoning within the Magistrate Judge's Report

and Recommendation, the Court **OVERRULES** Defendants' Objections (ECF No. 15) and

**ADOPTS** the January 11, 2013 Report and Recommendation (ECF No. 14).  Plaintiff's Motion

to Remand (ECF No. 13) is **GRANTED** and this case is **REMANDED** to the Muskingum

County Court of Common Pleas.

   **IT IS SO ORDERED.**



   3-28-2013
_____          _____
**DATE**                          EDMUND A. SARGUS, JR.
                                  **UNITED STATES DISTRICT JUDGE**


_____

   [3]  The Court does not go as far as to hold that such factors are never relevant to complete preemption.  *See Davila*, 542 U.S. at 212 (holding that complete preemption applied, in part, because interpretation of a plan's terms was an "essential part" of the claim).  Nevertheless, case law makes clear that express preemption under ERISA is broader than complete preemption.  *See Thurman*, 884 F.3d at 860–62 (outlining both complete and express preemption).  Here, unlike the circumstances of *Davila*, Defendants' purported actions implicate a legal duty independent from ERISA.  Accordingly, for the reasons described above, complete preemption does not apply.

   [4]  The Court reaches no conclusion regarding express preemption or whether Plaintiff has standing to bring a shareholder derivative action against Defendants.  As the Magistrate Judge acknowledged, such decisions are properly left to the state court.